FREDERICK W. EATON v. STATE OF MISSISSIPPI.

1. OYSTER DREDGING.   *Laws* 1898, *p.* 102, *ch.* 90.

Under laws 1898, p. 102, ch. 90, the right to dredge for oysters from the public reefs in water fourteen feet or more in depth, without limitation on the manner of its exercise, is given to all persons.

2. SAME.   *Board of supervisors.   Regulations.   Steam dredges.*

An ordinance of the board of supervisors undertaking to prohibit the dredging with steam for oysters from the public reefs in waters fourteen feet or more in depth, is invalid under laws 1898, p. 102, ch.[90.

3. SAME.

Regulations by the board of supervisors of oyster dredging in the public reefs must be consistent with the statutes of the state.

FROM the circuit court of Hancock county.

HON. JAMES H. NEVILLE, Judge.

Eaton, the appellant, was indicted for dredging with steam for oysters in the public reefs of Hancock county, contrary to the ordinances of the board of supervisors of the county; his demurrer to the indictment was overruled, and he was tried and convicted. It appeared that the dredging was done on the public reefs in waters more than fourteen feet deep.

*W. G. Evans, J. I. Ford, Dodds & Griffith* and *T. M. Miller,* for appellant.

The ordinance was void, because in conflict with the act of the legislature, laws of 1898, ch. 90, sec. 2.

The legislature declared, in effect, that all citizens of the state might take oysters by means of dredging. There is no limit in respect to the right conferred, either as to quantity or the method of dredging.

Can it be said in the face of this act that the board of supervisors may say to all citizens of the state who may have sail dredges, "You may dredge as much as you please, provided you keep in water over fourteen feet in depth," and to another citizen who has only a steam dredge, "You shall not dredge for oysters in water of any depth?"

How can that be called a regulation merely, which is a prohibition? It might as well be said that the board may limit the quantity to be taken so as to prohibit a particular method. If it may prohibit steam dredges, the board has equal power to prohibit the use of sail dredges, and, since the vessel engaged must be propelled either by steam or by the wind, dredging may be prohibited entirely (notwithstanding the legislature has said it shall not be, save in less than fourteen feet of water). If any other motive power should be introduced, the board could denounce it as unlawful.

The legislature did not say the board might prohibit citizens of the state from dredging with steam appliances, or with sail, in fourteen feet of water, but that it should never prohibit dredging at all provided the water should be fourteen feet in depth over the reefs. The idea was to give tongs fishermen a monopoly of the catch in shallow water, and to leave the deep reefs to the dredgers.

The legislature, in the very next clause, undertakes to deal with the whole subject of dredging, by every known or unknown means, when it declares: "But no person or persons

shall fish for oysters by dredging, or dragging for same, in water less than fourteen feet in depth."

The truth is that the board of supervisors of Hancock county conceived the idea that the oysters in the public waters of that county belonged exclusively to their own people, and the ordinance in question can only be regarded as a smart attempt to flank the act of the legislature which essayed to limit the powers, in this particular, granted the local board under the previous law. The only conceivable purpose in attempting to discriminate between sail and steam was that the quantity of oysters taken should be limited, unless the owners of sailing dredge boats should increase the number of their craft or the size of their rig.

It is submitted further, that even had the prohibitory legislation not been adopted, an ordinance discriminating between vessels propelled by wind and those propelled by steam would have been unjust and unreasonable, and for that reason void.

*Monroe McClurg,* Attorney-General, for appellee.

Is the regulation by the county unreasonable? Not because of the depth of the water, for the statute measures that. There is no discrimination as to persons, none as to time. But, it is insisted, that the statute guarantees the right of all to fish for oysters as they please in water above fourteen feet in depth, and that to prohibit all from using steam vessels or appliances is an unreasonable discrimination against those citizens of the state owning and desiring to operate such vessels or appliances in that business. The argument is not sound. The question of what is or what is not a reasonable regulation, has been left to the sound discretion of the board of supervisors, subject, of course, to judicial inquiry and approval or condemnation. The regulations prescribed by them for the general good of all of the citizens of the state must be accepted by the courts as being *prima facie* correct until he who denies it shows by competent proof of facts that it is unreasonable. Courts cannot judicially

know that the prohibition as to a certain manner of taking oysters, applicable to all alike, and plainly not equivalent to an absolute prohibition from taking them at all, is an unreasonable regulation. It must be presumed that the authorities designated by the legislature to prescribe regulations which the state itself proposed and now undertakes to enforce, acted wisely and for the common good until the contrary is made to appear. It is argued with force to the contrary, but nothing save the bare suggestions of a fertile brain is offered the court upon which to set its judgment against the judgment of that tribunal to which the legislature has expressly and especially committed the proposition. As presented, this court should assuredly hold the regulation reasonable. *Manchester* v. *Massachusetts,* 139 U. S., 240; 35 L. Ed., 159.

TERRAL, J., delivered the opinion of the court.

The appellant was convicted and fined $100 for taking oysters from the public reefs of Hancock county, with a dredge operated by steam, contrary to the ordinance of said county.

His contention is that the ordinance of the board of supervisors is in conflict with chapter 90, laws 1898. Said chapter does, as we view it, confer upon all persons the right to dredge for oysters in all waters fourteen feet and more in depth; and this right is not restricted by the mode of operating the dredge. The power to dredge, without any limitation in the manner of its exercise, is specifically conferred by the legislature, and such power cannot be denied or abridged by the board of supervisors.

Such regulations as the board may make must be consistent with the provisions of the act of the legislature. The ordinance of the board here questioned does not merely regulate dredging for oysters, but it denies entirely the dredging for oysters by steam appliances. Fourteen feet waters, and waters of greater depth, are, as to dredging, taken entirely from the authority of the board by the act of 1898.

*Reversed and dismissed.*